† McALPIN ET AL. V. CLARK.

**1. DISCHARGE OF SURETY FROM LIABILITY.**

A material alteration of a note made without any fraudulent design by the maker, and without the knowledge or consent of the surety after he had signed the note, will release such surety from liability, and such liability will not be restored by subsequently erasing the alteration and thereby reducing the note to its original form in which it originally stood.

**2. ERROR IN REFUSING THE SURETY TO PROVE THAT SHE WAS A MERE ACCOMMODATION MAKER.**

Where a surety on a note has been sued, and alleges in her answer that she was a mere accommodation maker, and the plaintiff denies this by a reply, it is error for the court in refusing to permit the surety to show, as she offered and sought to do, that she was a mere surety or accommodation maker of the note sued on, and that she had never received any part of the money for which it was given, because the issue was thus directly made and the evidence offered was clearly competent.

ERROR to Court of Common Pleas of Hamilton county.

SMITH, J.

The majority of the court is of the opinion that substantial justice was done by the verdict and judgment in this case, and that the trial judge did not err in overruling the motion for a new trial, based on the ground that the verdict was against the law and the evidence. And further that the court did not err in giving special charges to the jury to the effect that if the jury found that after the note sued on had been delivered to plaintiff, and in pursuance of a previous understanding between Clark and Woodruff, without fraudulent design on their part, the latter inserted in said note the words, "interest at 7 per cent," and that said Clark, without fraudulent design, thereafter erased said inserted words, so that the note as sued upon is the same as when it was when delivered, except as to the name thereon of Chas. W. Stuart, then I charge you that the insertion and erasure of those words cannot prevent a recovery on the note. This ruling the majority of the court think was in accordance with the weight of the authorities, and further that there was no error in other rulings of the court, properly before this court, prejudicial to the plaintiff in error, and therefore that the judgment should be affirmed.

While there are some reasons which would incline me to favor the affirmance of the judgment of the superior court, yet I am of the opinion that it ought to be reversed. I think it is entirely clear from the evidence, brought up in the bill of exceptions, that after the execution of the note sued on by Woodruff and Mrs. McAlpin at Staten Island, N. Y., ( and which in all probability was given by Woodruff as principal, and his sister, Mrs. McAlpin, as his surety), the same was materially altered by Woodruff, with the knowledge and consent, and in the presence of Clark, the payee, by inserting therein a provision which made it bear interest from date at the rate of 7 per cent per annum, no provision having been made that the note, which was payable four months after date, should bear any interest. It appears from the evidence to be probable at least, that the arrangement between Woodruff and Clark had been.

† Affirmed by Supreme Court; unreported, 56 O. S., 786. Application for rehearing not entertained, June 22, 1897.

McAlpin et al. v. Clark.

that the note was to bear 7 per cent interest, and by mistake or otherwise, Woodruff had not put in such provision before the note was signed. I think too it was shown that the subsequent insertion of the interest clause by Woodruff was done without any fraudulent intent on the part of Woodruff or Clark.

When this alteration was made, the note as so altered was a binding contract as to Woodruff, for it was done with his consent, and that of Clark. But in my judgment it at once became invalid as to Mrs. McAlpin, and so remained, notwithstanding the fact that Clark, acting under the advice of his counsel, a few days after the alteration was made, in good faith, and believing that he had the right to do so, erased the words that had been so inserted. And the fact that the suit was brought upon it in the form in which it originally stood, does not operate to restore her liability.

It must be conceded that there is a conflict on the authorities on this point. But there are two decisions of our supreme court which I think support the view I have expressed. One of them is that of *Harsh* v. *Klipper*, 28 Ohio St. 200, where it was expressly held, 1st, that " changing the rate of interest in a note from six to seven per cent is a material alteration ;" and 2d, " such alteration made by the principal with the consent of the holder and owner, but without the consent of the surety, discharged the surety, though such alteration was made without fraudulent intent. In that case suit was brought on the note, but it was only sought to recover interest at 6 per cent, which was the rate it bore when the note was executed. But although it was conceded that the alteration was innocently made, the surety was discharged. It may be that the words so inserted had not been erased as in the case at bar, but I cannot see that this is a material difference, for in the Harsh case the note as altered was not relied upon.

So in the case of *Thompson* v. *Massie*, 41 Ohio St. 307, where it is again held that a material alteration of a promissory note, by one of the joint payees and holders, avoids it as to sureties not assenting thereto. In this case the alteration was made by one of the makers of the note, the principal, at the instance of one of the payees, without the consent of the sureties, and though suit was brought on the note in its original form, the sureties were held to be discharged.

I think too the trial court erred in refusing to permit Mrs. McAlpin to show, as she offered and sought to do, that she was a mere surety or accommodation maker of the note sued on, and had never received any part of the money for which it was given. She had alleged in her answer that she was a mere accommodation maker, and the plaintiff had denied this by a reply. The issue was thus directly made, and I think the evidence offered was clearly competent.

There was also clear error on the part of the trial judge in refusing to give special charge No. 2 asked by the defendant. It is admitted by counsel for the plaintiff that it was good law, applicable to the case, and should have been given. But the claim is made that although the refusal to give this charge was duly excepted to at the time, that as neither the motion for a new trial nor the petition in error specifically assigns this as a ground for a new trial, or for a reversal of the judgment, that the court is not bound to consider it, particularly as it involved a proposition, which the evidence really did not show to be true, and therefore that no substantial prejudice resulted to the defendant.

It was not necessary that the motion for a new trial should have set out this ground. If it arose on the record, it could be availed of by a petition in error, without any motion for a new trial. But it is not alleged in the petition in error specifically, and it is probably true as claimed by counsel for defendant in error, that the court is not bound to regard it if substantial justice has been done by the decision below. But in my judgment such result was not reached by the decision of the superior court, and I favor its reversal.

*C. B. Matthews*, and *Nelson Sayler*, Attorneys for Plaintiff in Error.

*Paxton & Warrington*, and *F. F. Oldham*, Attorneys for Defendant in Error.